

FILED

~~~ ! ! ~~~

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEURIG, INC.<br><br>55 Walkers Brook Drive<br>Reading, MA 01867<br><br>Plaintiff,<br><br>v.<br><br>HON. DAVID KAPPOS,<br>Under Secretary of Commerce for<br>Intellectual Property and Director of the<br>United States Patent and Trademark Office.<br>Office of General Counsel, United States<br>Patent and Trademark Office,<br><br>Madison Building East, Rm. 10B20<br>600 Dulany Street,<br>Alexandria, Virginia 22314<br><br>Defendant. | Case: 1:09-cv-02353<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 12/11/2009<br>Description: General Civil |

## COMPLAINT UNDER 35 U.S.C. § 145
## TO AUTHORIZE THE DIRECTOR TO ISSUE LETTERS PATENT

Plaintiff, Keurig, Inc. ("Keurig"), by and through its attorneys, alleges as follows:

### NATURE OF THE ACTION

1.      This case concerns a novel beverage filter cartridge and the erroneous

denial by the United States Patent & Trademark Office ("PTO") of patent protection for

that technology.  Keurig is the assignee of U.S. Patent Application Serial No. 10/658,925

("the '925 application") and is dissatisfied with a decision by the Board of Patent Appeals

and Interferences ("the Board").  Keurig seeks judgment, pursuant to 35 U.S.C. § 145,

that it is entitled to a patent.

*y*

## THE PARTIES

2.     The plaintiff, Keurig, Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business at 55 Walkers Brook Drive, Reading, MA 01867.

3.     The defendant is the Honorable David Kappos, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the PTO, having offices at 600 Dulany Street, Alexandria, Virginia 22314.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action and is authorized to issue the requested relief pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361; 35 U.S.C. § 145; and 5 U.S.C. §§ 701-706.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 35 U.S.C. § 145.

6.     This Complaint is being timely filed in accordance with 35 U.S.C. § 145 and 37 C.F.R. § 1.304(a).

## GENERAL ALLEGATIONS

7.     Basil Karanikos and Fredrick Rossi developed an innovative new type of beverage filter cartridge. The cartridge that they developed has been commercialized as the fluted-filter "K-Cup®," which is used with Keurig brewing systems to produce single servings of beverages such as coffee. Fluted-filter K-Cups® are superior to conventional beverage cartridges because they increase the available storage capacity for a beverage medium (e.g., ground coffee) while also balancing considerations such as flow rate and filter surface area, thereby optimizing saturation of the medium. Beverages brewed using

fluted-filter K-Cups® have stronger flavor profiles than beverages brewed using conventional beverage filter cartridges.

8.     The cartridge that Karanikos and Rossi developed is described and claimed in the '925 application, titled "Beverage Filter Cartridge."

9.     Keurig is the sole owner of the '925 application.  Keurig acquired all right, title, and interest in the '925 application by virtue of an assignment by and from the application's sole inventors, Karanikos and Rossi.

10.     The '925 application was filed in the PTO on September 10, 2003.  As presently amended, the '925 application contains claims 1-44.

11.     On or about January 25, 2008, a PTO Examiner issued final rejections of claims 1-44 of the '925 application as being unpatentable under 35 U.S.C. § 103(a). With respect to claims 1-4, 7, 12-14, 17, and 22-44, the PTO Examiner cited and relied upon the following references: (a) Sylvan et al U.S. Patent No. 5,325,765 ("Sylvan") and (b) Spiteri U.S. Patent Publication No. 2002/0185010 ("Spiteri").  With respect to claims 3, 5, 6, 9-11, 15-16, 19-21, and 32, the PTO Examiner cited and relied upon the following references: (a) Sylvan, (b) Spiteri, and (c) Daswick U.S. Patent No. 3,971,305 ("Daswick").  With respect to claims 8 and 18, the PTO Examiner cited and relied upon the following references: (a) Sylvan, (b) Spiteri, and (c) Michielsen U.S. Patent No., 3,389,650 ("Michielsen").

12.     The '925 applicants duly and timely appealed from the PTO Examiner's rejection to the Board, under 35 U.S.C. § 134(a).

13.     On July 24, 2009, the Board issued a Decision on Appeal.  The Board sustained and affirmed the rejection of claims 1-4, 7, 12-14, 17, and 22-44 as unpatentable over Sylvan and Spiteri.  The Board also sustained and affirmed the rejection of claims 8 and 18 as unpatentable over Sylvan, Spiteri and Michielsen.  The Board further sustained and affirmed the rejection of claims 3, 5, 6, 9, 15-16, 19, and 32 as unpatentable over Sylvan, Spiteri, and Daswick.  The Board reversed the rejection of claims 10, 11, 20, and 21.  A copy of the Board's Decision on Appeal is attached hereto as Exhibit A.

14.     On September 23, 2009, the '925 applicants requested rehearing of the Decision on Appeal.

15.     On or about October 14, 2009, the Board denied the request for rehearing. A copy of the Board's Decision on Request for Rehearing is attached hereto as Exhibit B.

16.     The PTO made reversible errors of fact and law during its administrative examination and review of the '925 application.  Specifically, the PTO erred in rejecting claims 1-4, 7, 12-14, 17, and 22-44 as allegedly obvious over Sylvan and Spiteri.  The PTO also erred in rejecting claims 8 and 18 as allegedly obvious over Sylvan, Spiteri, and Michielsen.  The PTO further erred in rejecting claims 3, 5, 6, 9, 15-16, 19, and 32 as allegedly obvious over Sylvan, Spiteri, and Daswick.  The PTO's errors included a failure to apply correct legal standards for obviousness during its examination and review, and a failure to give proper consideration to the evidence of record.

17.     Additional evidence not of record in the PTO further confirms that claims 1-9, 12-19, and 22-44 of the '925 application comply with 35 U.S.C. § 103(a) and should therefore be allowed.   For example, and without limitation, there is considerable objective evidence of nonobviousness, including but not limited to the fact that the filter design covered by the claims was contrary to conventional wisdom in the industry as to the correct approach for optimizing saturation of the beverage medium and otherwise producing a filter cartridge desirable to consumers.

18.     Plaintiff has not appealed to the United States Court of Appeals for the Federal Circuit from the Board's Decision on Appeal.  This complaint is being filed within two months of the Board's Decision on Request for Rehearing and therefore complies with 35 U.S.C. § 145 and 37 C.F.R. § 1.304(a).

19.     Claims 1-9, 12-19, and 22-44 of the '925 application satisfy the applicable statutory and regulatory requirements and are patentable.  As assignee of the '925 application, Keurig is entitled to an issued patent for the invention covered by Claims 1-9, 12-19, and 22-44.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Judgment be entered for Plaintiff, and that Plaintiff be granted the following relief:

A.     Judgment that the PTO erred in concluding that Claims 1-9, 12-19, and 22-44 of the '925 application do not satisfy the requirements of the Patent Statute, 35 U.S.C. § 1 et seq.

B.    Judgment that Plaintiff is entitled to receive Letters Patent for the invention as described and claimed in the '925 application, in due form of law as prescribed by the Patent Statute, Title 35, United States Code, § 1 et seq.

C.    Judgment pursuant to Title 35, United States Code, § 145, authorizing the Director of the United States Patent and Trademark Office to issue Letters Patent on the invention described and claimed in the '925 application in due form of law and as prescribed by the Patent Statute,  Title 35, United States Code, § 1 et seq.

D.    Such other and further relief as this Court may deem just and proper.


Dated: 12/10/2009                          Respectfully submitted,


                                           Allen S. Rugg (D.C. Bar No. 204933)
                                           Michael A. Albert
                                           Charles T. Steenburg
                                           Wolf, Greenfield & Sacks, P.C.
                                           600 Atlantic Avenue
                                           Boston, MA  02210-2206
                                           Tel:  (617) 646-8000
                                           Fax:  (617) 646-8646
                                           arugg@wolfgreenfield.com
                                           malbert@wolfgreenfield.com
                                           csteenburg@wolfgreenfield.com

                                           *Attorneys for Keurig, Inc.*

- 6 -